IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1061-LTB

**JOHN TRUJILLO**,

    Applicant,

v.

**LOU ARCHULETA**, and
**ATTORNEY GENERAL OF THE STATE OF COLORADO**, The

    Respondents.

## ORDER OF DISMISSAL

Applicant, John Trujillo, is a prisoner in the custody of the Colorado Department of Corrections at the Freemont Correctional Facility in Cañon City, Colorado. This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed *pro se* by Mr. Trujillo on September 16, 2014. Mr. Trujillo is challenging the validity of his criminal conviction and sentence in Denver, Colorado, District Court case number 1994CR4676.

The Court must construe the application and other papers filed by Mr. Trujillo liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Trujillo previously filed a habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction and sentence in Denver County District Court case number 1994CR4676. *See Trujillo v. Reid*, No. 04-cv-02031-EWN-OES (D.

Colo. Dec. 6, 2005). Although Mr. Trujillo fails to mention the fact that he has filed a prior habeas corpus action challenging the validity of the same state court conviction and sentence, the Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Mr. Trujillo's cognizable habeas corpus claims in 04-cv-02013-EWN-OES were dismissed for lack of substantive merit. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Trujillo must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Trujillo does not allege that he has obtained authorization from the Court of Appeals to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Trujillo fails to demonstrate that his claims in this action are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Trujillo's claims challenging the validity of his conviction and sentence would be time-barred if filed anew in the proper forum, it also appears that the claims would be time-barred even if Mr. Trujillo had sought proper authorization prior to filing in this Court. There also is no indication that the claims Mr. Trujillo seeks to raise have any merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 14th day of August, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court